[Cite as *State v. Thompson*, 2012-Ohio-600.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2011AP080035 |
| ANTHONY THOMPSON, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the New Philadelphia
                                 Municipal Court, Case No. 1001119AB


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          February 14, 2012


APPEARANCES:


For Plaintiff-Appellee           For Defendant-Appellant


GARRY O. HURLESS                 ANTHONY THOMPSON, JR., PRO SE
P.O. Box 237                     1694 State Route 39 NW
New Philadelphia, Ohio 44663-0327  Dover, Ohio 44622

*Hoffman, P.J.*

**(¶1)** Defendant-appellant Anthony Thompson Jr. appeals his conviction and sentence entered by the New Philadelphia Municipal Court on one count of domestic violence. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**(¶2)** On August 17, 2010, Jessica Warfield called the Dover Police Department to report an assault by Appellant. Warfield testified at trial in this matter Appellant attempted to make a videotape of her, and she asked him to leave. When she attempted to grab the camera and turn it off, Appellant grabbed her, threw her across the room, pulled her hair and choked her. At the trial, the State presented the videotape and several photographs depicting injuries to Warfield's neck and leg.

**(¶3)** Following a bench trial, Appellant was found guilty of domestic violence, in violation of R.C. 2919.25(A). The trial court sentenced Appellant to community control sanctions in lieu of a thirty day jail term.

**(¶4)** Appellant now appeals, assigning as error:

**(¶5)** "I. APPELLANT'S CONVICTION OF DOMESTIC VIOLENCE WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

**(¶6)** "II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."

I.

**(¶7)** In his first generally raised assigned error, Appellant maintains his convictions are against the manifest weight and sufficiency of the evidence.

**(¶8)** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**(¶9)** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260.

**(¶10)** Appellant was convicted of 2919.25(A), which reads, "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."

**(¶11)** The credibility of witnesses and weight of the evidence are issues primarily for the trial court, as the trier of fact. *In re Ohler,* Hocking App. No. 04CA8, 2005–Ohio–1583, ¶ 15, citing *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Accordingly, upon review of the evidence and testimony presented at trial, the evidence was sufficient to support Appellant's conviction on the charge. As set forth above, Jessica Warfield testified at trial Appellant grabbed her, threw her across the room, pulled her hair and choked her. The State introduced photographs depicting injuries to Warfield. Warfield testified at trial the photographs depict injuries to her neck and legs caused by Appellant grabbing her and throwing her down. We find the trier of fact weighed the evidence and judged the credibility of the witnesses. Upon our review, we find there was sufficient evidence to support the trial court's verdict of guilty of the charge.

**(¶12)** The first assignment of error is sustained.

II.

**(¶13)** In the second assigned error, Appellant asserts his counsel was ineffective in failing to challenge the testimony of the alleged victim, Jessica Warfield, herein. Specifically, Appellant maintains Warfield's testimony was contradictory and not credible, and his counsel failed to challenge the testimony through cross-examination utilizing valuable evidence in the form of photographs and videos available at trial. Further, Appellant maintains his trial counsel failed to introduce important information contained in the police reports.

(¶14) The standard for ineffective assistance of counsel is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

(¶15) "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *(State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

(¶16) "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

(¶17) Based upon our analysis and disposition of the first assignment of error, we do not find Appellant has demonstrated, but for the alleged errors of counsel, the outcome of the trial would have been otherwise. The trial court had the opportunity to view the videotape and the photographs presented and admitted at trial. The trial court weighed the evidence and judged the credibility of the witnesses and the testimony. We do not find counsel was ineffective in the cross-examination of Warfield. Appellant has not demonstrated prejudice as a result of the alleged errors of trial counsel. The second assignment of error is overruled.

**(¶18)** Appellant's conviction in the New Philadelphia Municipal Court is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ John W. Wise
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANTHONY THOMPSON, JR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011AP080035 |

For the reasons stated in our accompanying Opinion, Appellant's conviction in the New Philadelphia Municipal Court is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE